**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MURRAY GRAVELINE,**

    **Plaintiff,**

v.     Case No: 8:16-cv-20-T-23EAJ

**R.J. REYNOLDS TOBACCO COMPANY,**
et al.,

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff Murray Graveline's ("Plaintiff's") **Motion to Remand** (Dkt. 13) and Defendants R.J. Reynolds Tobacco Company et al.'s **Opposition to Plaintiff's Motion to Remand** (Dkt. 16). This matter has been referred to the undersigned for consideration and issuance of a Report and Recommendation.[1] (Dkt. 15) See 28 U.S.C. § 636(b)(1)(B); Local Rules 6.01(b) and

---

[1] As the order referring the motion states, five motions to remand in Engle Progeny Cases Tobacco Litigation were referred to the undersigned on January 4, 2016. (Dkt. 15) On February 16, 2016, the undersigned entered a Report and Recommendation recommending the motions to remand in each of those five cases be granted. See Lenoir v. R.J Reynolds Tobacco Co., No. 8:15-cv-2493-T-27EAJ (Dkt. 16); Mosley v. R.J. Reynolds Tobacco Co., No. 8:15-cv-2494-T-27MAP (Dkt. 18); Zupo v. R.J. Reynolds Tobacco Co., No. 8:15-cv-2495-T-23MAP (Dkt. 19); Stalley v. R.J. Reynolds Tobacco Co., No. 8:15-cv-2496-T-17TBM (Dkt. 21); Abbey v. R.J. Reynolds Tobacco Co., No. 8:15-cv-2497-T-24TGW (Dkt. 17). While the procedural history of this case is slightly different than the other five cases, as reflected herein, the parties make similar arguments relating to the legal issues. Accordingly, this Report and Recommendation is consistent with the February 16, 2016 Report and Recommendation entered in the other five cases. Unlike the other remand motions, Plaintiff does not seek attorneys' fees.

6.01(c), M.D. Fla.  For the reasons that follow, the Court recommends granting Plaintiff's request to remand the case.[2]

**Background**

This case is among thousands of personal injury and wrongful death actions brought against tobacco companies that have been litigated in Florida courts, state and federal, over the last two decades. See In re Engle Cases, 767 F.3d 1082, 1086 (11th Cir. 2014).

A putative class-action lawsuit filed in 1994 against major tobacco companies resulted in a certified class with members defined as "all Florida citizens and residents . . . and their survivors, who have suffered, presently suffer or who have died from diseases and medical conditions caused by their addiction to cigarettes that contain nicotine." R.J. Reynolds Tobacco Co. v. Engle ("Engle I"), 672 So. 2d 39, 41-42 (Fla. 3d DCA 1996).  Originally estimated at 300,000 members, the class expanded to approximately 700,000 members. Liggett Grp. Inc. v. Engle ("Engle II"), 853 So. 2d 434, 443 (Fla. 3d DCA 2003).  The trial court first conducted a year-long jury trial regarding common issues relating to liability. Id. at 441.  Then, the trial court conducted a second trial regarding damages that concluded with a jury awarding compensatory damages of $12.7 million for three class representatives and punitive damages for the class totaling $145 billion. Id.  The Third District Court of Appeal decertified the class and vacated the punitive damages award. Id. at 442, 450.

---

[2] Counsel for Plaintiff, Dennis A. Lopez and Joseph F. Bohren, also request temporary admission for appearance in this case as they were not admitted to the bar of the Middle District when this case was removed and when the motion was filed. To the extent Plaintiff's counsel seek temporary admission, the request is **GRANTED**. See Local Rule 2.02(d), M.D. Fla. According to the Clerk's Office, Mr. Bohren is presently an active member of the Middle District bar as he attended the February 12, 2016 attorney admission ceremony.  Mr. Lopez is scheduled to attend the February 25, 2016 attorney admission ceremony.

The Florida Supreme Court affirmed the Engle II court's decision to decertify the class and vacate the punitive damages award but disapproved of several of the Engle II court's other holdings. Engle v. Liggett Grp., Inc. ("Engle III"), 945 So. 2d 1246, 1266 (Fla. 2006). For reasons not pertinent to the issues involved in the motions to remand, the Engle III court permitted class members to initiate individual damages actions within one year of its mandate.[3] Id. at 1269.

This case stems from a state-court case originally filed on January 9, 2008, within the one-year deadline specified in Engle III. (Dkt. 1) The 2008 complaint involved multiple plaintiffs, was brought against several tobacco companies, and asserted claims for strict liability, negligence, fraud by concealment, conspiracy to commit fraud by concealment, breach of implied warranty, breach of express warranty, and loss of consortium.[4] (Dkt. 16 Ex. 1)

A March 12, 2008 Case Management Order provided:

As a general rule, before being placed on the Active Pretrial Discovery Schedule, every case in which multiple Plaintiffs have been grouped together and filed in a single lawsuit, except for mutually smoking spouses, consortium and familial deaths, will have to be severed pursuant to Rule 1.250, Fla.R.Civ.P., and filed as amended complaints (which shall relate back to the date of filing of the original multi-plaintiff complaints) for each Plaintiff – other than the lead Plaintiff – with payment of filing fees for each amended complaint filed on behalf of a severed Plaintiff. The lead Plaintiff shall retain the originally assigned case number.

(Dkt. 13 at 65-66)

On July 11, 2015, Plaintiff, as the personal representative of the estate of Wanda Graveline,

---

[3] That deadline ended on January 11, 2008. See In re Engle Cases, 767 F.3d at 1089.

[4] Two of the tobacco companies named as defendants, Vector Group Ltd. and Liggett Group LLC ("Vector and Liggett"), were considered Florida citizens, preventing the cases from being removed to federal court on diversity jurisdiction grounds when initially filed. (Dkt. 1 Ex. 2 at 29) Vector and Liggett were dismissed as part of a global settlement reached in 2013. (Dkt. 1 at 83) Plaintiff concedes that there are no longer claims against these entities. (Dkt. 13 at 5) Defendants agree. (Dkt. 16 at 3-4)

3

who died on December 9, 2011, moved to be substituted as party plaintiff; the motion was granted on October 7, 2015.[5] (Dkt. 16 Ex. 3) On December 18, 2015, Plaintiff filed a severed, amended complaint that was docketed in a new case file: <u>Murray Graveline as Personal Representative for the Estate of Wanda Graveline v. R.J. Reynolds et al.</u>, Case No. 15-CA-011420. The first paragraph of "Plaintiff's Severed and Second Amended Complaint for Damages and Demand for Jury Trial" states:

> This case had its origin in the multi-plaintiff "hydra" case of <u>James Rainey, et al., v. R.J. Reynolds, et al.</u>, Case No. 08-CA-000717, Circuit Court of the Thirteenth Judicial Circuit, Hillsborough County, Florida, from which the instant cause of action is hereby severed and re-plead as a single-plaintiff case pursuant to Case Management Order No. 1 of the Hillsborough County Tobacco Division.

(Dkt. 2 ¶ 1) The amended, severed complaint also provides that service of process is unnecessary as Defendants were timely served at the commencement of the <u>Rainey</u> case. (<u>Id.</u> ¶ 2) Plaintiff paid the $400.00 filing fee. (Dkt. 16 Ex. 4) On January 4, 2016, Defendants removed this case to this court. (Dkt. 1)

## Legal Standard

As the jurisdiction of the federal courts is limited, removal statutes are strictly construed. <u>Univ. of S. Alabama v. Am. Tobacco Co.</u>, 168 F.3d 405, 411 (11th Cir. 1999). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." <u>Id.</u>

---

[5] The Florida Supreme Court has held that "upon the death of a party plaintiff in a personal injury action, the personal representative of the decedent's estate may be added to the pending action as a party and, thereafter, shall have a reasonable opportunity to file an amended pleading that alleges new or amended claims and causes of action." <u>Capone v. Philip Morris USA, Inc.</u>, 116 So. 3d 363, 377-78 (Fla. 2013). Recognizing an express and direct conflict between the Second and Third District Courts of Appeal, the <u>Capone</u> court specifically rejected the ruling of Third District Court of Appeal that amending the complaint was not permissible and that a litigant must commence a new and independent wrongful death action. <u>Id.</u> at 377.

A district court must have original jurisdiction over a case for it to be removed. 28 U.S.C. § 1441(a). Original jurisdiction exists in cases in which the parties are completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). A case must be removed by the defendant within 30 days after receipt of the initial pleading or within 30 days after receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). Generally, a case may not be removed "more than 1 year after commencement of the action . . . ." 28 U.S.C. § 1446(c). Section 1446 was amended in 2011, effective January 6, 2012, to permit removal beyond the one-year period where a plaintiff acted in bad faith to prevent the defendant from removing the action. Pub. L. No. 112–63, 125 Stat. 758 § 103 (2011). The amendment applies to "any action . . . commenced on or after [the] effective date." Id. § 105(a).[6] "In general, when an action is 'commenced' for purposes of the removal statutes is determined by the law of the state where a removed action originally was filed." Moultrop v. GEICO Gen. Ins. Co., 858 F. Supp. 2d 1342, 1346 (S.D. Fla. 2012).

"A removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

---

[6] There are no allegations of bad faith regarding the presence of non-diverse defendants as the parties agree that there are no claims against the non-diverse entities. Accordingly, the Section 1446 amendment does not change the Court's analysis regarding the one-year removal period.

5

remanded." Id. "The untimeliness of a removal is a procedural, instead of a jurisdictional, defect." In re Uniroyal Goodrich Tire Co., 104 F.3d 322, 324 (11th Cir. 1997) (per curiam).

**Discussion**

Plaintiff presents several arguments in support of his contention that the case was untimely removed. (Dkt. 13) First, he maintains that the 1994 Engle I class action complaint first set forth Plaintiffs' claims. This argument is without merit. It is contrary to the plain language of the Florida Supreme Court in Engle III, which decertified the class and held that "[i]ndividual plaintiffs within the class will be permitted to proceed individually with the findings set forth above given res judicata effect in any subsequent trial between individual class members and the defendants, provided such action is filed within one year of the mandate in this case." Engle III, 945 So. 2d at 1277.

Next, Plaintiff avers that the 2008 multi-plaintiff complaint from which his claims were severed set forth his claims that are now before the Court. He contends that the amended, severed complaint resulted from an administrative action that merely continued the claims asserted in the 2008 complaint in an effort to bring the claims of individual plaintiffs to trial. (Dkt. 13 at 12, 14)

Defendants maintain that the removed case is a "separate and distinct action" which differs from the original multi-plaintiff complaint as it was filed on behalf of only one plaintiff and seeks an individual trial and because Plaintiff no longer asserts claims against the non-diverse defendants. (Dkt. 16 at 7-8)

The parties do not dispute that removal was timely if the severed, amended complaint is considered a new cause of action.

There is a split among federal courts as to whether the severance of claims in state court

commences a new action that resets the clock for removal or whether the case commences when the complaint is initially filed in state court even when claims are severed. See In re Boston Sci. Corp., No. CV 15-06764, 2015 WL 6456528, at *4-6 (C.D. Cal. Oct. 26, 2015) (collecting cases and determining that a severance order does not commence a new action). There is no controlling precedent from the Eleventh Circuit on this issue.

Another court in this District recently addressed similar motions regarding removal of severed Engle progeny cases, remanding 33 cases that were removed by Defendants. See Cinnater v. R.J. Reynolds Tobacco Co., No. 6:15-cv-1252-Orl-28GJK, 2015 WL 7450494, at *1 (M.D. Fla. Nov. 24, 2015). The Cinnater court recognized that treating the amended complaints as new actions "is to treat severance as de facto dismissal of the misjoined actions, a result flatly rejected by [applicable state law]."[7] Id. at *4 (citation omitted). The Cinnater court found that "the New Complaints are akin to amended complaints filed to correct a pleading error, which do not commence a new action within the meaning of § 1446." Id. (citation omitted).

Defendants allege that the Cinnater court erred in analogizing the severed complaints to amended complaints as the severed complaints were assigned new docket numbers, thereby commencing new actions. (Dkt. 16 at 13-15) Defendants cite to a number of cases in support of

---

[7] Pursuant to Rule 1.250(a), Fla. R. Civ. P., "[m]isjoinder of parties is not a ground for dismissal of an action. Any claim against a party may be severed and proceeded with separately." Rule 1.250 is patterned after Rule 21, Fed. R. Civ. P. See Roberts v. Keystone Trucking Co., 259 So. 2d 171, 174 (Fla. 4th DCA 1972); see also Fla. R. Civ. P. 1.250, Authors' Comment - 1967 ("Rule 1.250 is the same as former Rule 1.18, 1954 Rules of Civil Procedure as well as Federal Rule 21."). Rule 21, Fed. R. Civ. P., provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." "A severed claim under Rule 21 proceeds as a discrete suit and results in its own final judgment from which an appeal may be taken." Hofmann v. De Marchena Kaluche & Asociados, 642 F.3d 995, 998 (11th Cir. 2011) (per curiam).

7

their position that the severance constituted the initiation of a new cause of action and that removal was timely. Yet, as the Cinnater court noted, "[t]hese largely-unpublished opinions provide persuasive authority at best, and even that is diluted by distinguishable circumstances or lack of analysis." 2015 WL 7450494, at *4 (listing seven cases cited by Defendants).[8] The Court is persuaded by the reasoning in Cinnater as well as the reasoning in Perez v. Lancer Ins. Co., No. C.A. C-06-388, 2006 WL 2850065, at *3 (S.D. Tex. Oct. 4, 2006).

In Perez, the court looked to a similar Texas law for determining when a case was commenced for the purposes of removal.[9] The Perez court held that "[a]n order of severance, even if it creates a new caption and cause number, is not a 'petition' that 'commences' an action within the plain meaning of Texas Rule of Civil Procedure 22." 2006 WL 2850065, at *3. Given the similarity of the Texas and Florida rules, this reasoning applies here as well.

Defendants elevate form over substance in arguing that the Case Management Order and amended, severed complaint created an entirely new cause of action. (Dkt. 16 at 8)  The cause of action in the amended, severed complaint is substantially similar to the claims that were first brought in the 2008 multi-plaintiff complaint; further, the March 12, 2008 Case Management Order provided that the amended complaints relate back to the filing date of the initial multi-plaintiff complaints. (Dkt. 12 Ex. 2 at 3)  The case management order requiring severance of individual claims was

---

[8] These same seven cases are discussed by Defendants in their response. (Dkt. 16 at 4-5, 8-10)

[9] The rule in Texas is similar to the Florida and federal rules providing that a civil action commences when a petition or complaint is filed. See Tex. R. Civ. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk."); see also Fla. R. Civ. P. 1.050 ("Every action of a civil nature shall be deemed commenced when the complaint or petition is filed . . . ."); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

merely an effort to administratively manage otherwise unmanageable cases.[10] Although a new case number was assigned and filing fees required, the cause of action derives from the originally asserted complaint. The case management order directed Plaintiff to file an amended complaint, albeit in a new case. Furthermore, while the original multi-plaintiff complaint is not reflected on the docket of the new case number, the severed, amended complaint specifically references the 2008 multi-plaintiff complaint in the first paragraph. (Dkt. 16 Ex. 4; Dkt 2 ¶ 1) The new complaint did not assert a new cause of action as Plaintiff's claims relate back to the original complaint.[11]

Consistent with the holding in Cinnater, the filing of an amended, severed complaint did not result in new causes of action resetting the deadlines for removal. See 2015 WL 7450494, at *3-4 ("Construing the removal statute in favor of remand, the Court finds that Defendants' notices of removal were not filed within the Year Deadline.") (citation omitted); see also In re Boston Sci. Corp., 2015 WL 6456528, at *6. This action commenced for the purposes of removal with the filing of the initial multi-plaintiff complaint in January 2008, more than eight years ago. Accordingly,

---

[10] The unique nature of the Engle progeny cases and the burden they place upon the state and federal courts is undeniable. Given the impact of Engle III, many of the approximately 700,000 Engle class members and their counsel rushed to file their complaints in multi-plaintiff actions within the one-year period allowed. After that, courts had to decide the cases; adjudicating that number of cases presented an enormous challenge. See, e.g., In re Engle Cases, 767 F.3d at 1091 ("But the court wasn't satisfied with chipping away at the mountain a handful at a time; it sought additional ways to shorten the otherwise hundred-year task of trying the cases even in batches.").

[11] A similar procedure was initiated in the Jacksonville Division of the Middle District when it severed the consolidated cases of 4,432 individual plaintiffs. See In re Engle Cases, No. 3:09-cv-10000-J-32HTS, Dkt. 1 Ex. 8 at 2 (M.D. Fla. Nov. 27, 2009) ("Given the substantial logistical issues involved in handling these cases, the Court has determined to begin [the process of adjudicating individual claims] now by severing the cases."); see also In re Engle Cases, 767 F.3d at 1091 ("The 4,432 cases were given separate docket numbers. The docket entries indicated that the case had only one plaintiff—all of the tobacco companies remained named as defendants in each case.").

remand of this case is appropriate as the notice of removal was not timely filed by Defendants.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     Plaintiff's Motion to Remand (Dkt. 13) be **GRANTED**.


**DATE: February 19, 2016**

_____
ELIZABETH A JENKINS
United States Magistrate Judge


**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.


Copies to:
Counsel of Record
Pro Se Parties
District Judge

10